## MADDOX *v.* THE STATE.

1. On the trial of a criminal case, it is not error prejudicial to the accused for the court to charge the jury that in reconciling conflicts in the evidence they may take into consideration evidence as to the good character of the accused.
2. A beverage is not necessarily an intoxicant. Accordingly, on the trial of one accused of unlawfully selling intoxicating liquors, the use by the trial judge, in his charge to the jury, of the word "beverage," to describe certain drinks that the accused admitted having sold, was not an expression of opinion that the accused was guilty of selling an intoxicant.

Argued May 18,—Decided May 30, 1903.

Accusation of selling intoxicating liquor. Before Judge Adams. City court of Dublin. April 11, 1903.

*John R. Cooper, S. B. Baker,* and *H. P. Howard,* for plaintiff in error. *G. H. Williams, solicitor,* contra.

CANDLER, J.   The accused was tried and convicted in the city court of Dublin, upon an accusation charging him with unlawfully selling alcoholic, spirituous, malt, and intoxicating liquors, and other drinks which, if drunk to excess, will produce intoxication.   He made a motion for a new trial, which was overruled, and he excepted.

1.   One ground of the motion complains that the court erred in the following charge to the jury:   " In determining where the weight of evidence lies, or in reconciling conflicts in the evidence, if any, you would take into consideration the character of the defendant and. see what his character is; and if you believe from the evidence that he has a good character, that you can take into consideration in reconciling the conflict in the evidence, if any conflict; and that fact you will consider throughout the trial of the case." By reference to the copy of the judge's charge appearing in the record, it appears that the extract quoted ends in the midst of a sentence; and immediately following the word " case," without even the intervention of a comma, appear the words, " in determining whether or not the defendant is guilty."   We fail to see how this charge could have been hurtful to the accused.   The court instructed the jury that they had the right to consider the character of the accused in determining upon which side of the case the truth lay, but he nowhere charged that proof of good character could only be considered when there was a conflict in the evidence. At the time, he was charging on the subject of the credibility of witnesses, their manner of testifying, and the various rules for weighing testimony; and in this connection, independently of the law as to the general effect of proof of good character of the accused, he charged the jury that if the accused had. proved a good character, they might also take that into consideration in determining where the truth of the case lay.   It would seem to us that this charge was, in its tendency, anything but hurtful to the accused. It allowed the jury, in determining which of two witnesses they would believe, one for and the other against the accused, to take into consideration proof of the good character of the accused, and hence it was helpful, rather than hurtful, to him.   The accused had offered evidence during the progress of the trial to show that his reputation and character were good; but several witnesses, testifying to his general character, had said that he had the " character

of a liquor-seller." Whether he deserved it or not, however, these witnesses did not know. It is not complained that elsewhere in the charge the court did not give to the jury the law as to the effect on this case of proof of the good character of the accused, or that there was a failure to inform the jury that they might consider any proof offered by the accused as to his good character in determining whether or not he was guilty beyond a reasonable doubt. Evidence having been offered as to the good character of the accused, the court should have given the law on that subject to the jury; but no complaint was made of the court's failure in this respect, nor does it appear that any written request was made to the court to charge on the subject. The sole complaint is that the court told the jury that in determining conflicts between the witnesses for and against the accused, they might determine these conflicts in view of the evidence offered by the accused as to his good character. As before stated, the charge complained of was distinctly helpful, rather than hurtful.

2. The following portion of the charge of the court is also assigned as error: "Applying the principles of law to the evidence in the case, if you believe the defendant in this county and State sold a beverage which, if drunk to excess, would produce intoxication, it would be your duty to find him guilty. If you find it would not produce intoxication, it would be unnecessary to go any further, and it would be your duty to acquit the defendant. If you believe from the evidence that the other kind of beverage which defendant sold was the identical beverage as that sold on this occasion, and that the former was a non-intoxicant, then the defendant should be acquitted. But if you believe this beverage was intoxicating, it would make no difference whether that formerly sold would intoxicate or not, and it would be your duty to find the defendant guilty, and in that event the form of your verdict would be, 'We, the jury, find the defendant guilty.'" The error assigned upon this charge is that it was misleading, was not a clear statement of the case; and that the court presumed that the "lager soda" that the defendant sold "was a beverage, which is a liquor, and the presumption is that it is intoxicating, or might be so considered by the jury." It is claimed, therefore, that in using the expression "beverage," the court intimated to the jury an opinion that the accused had sold liquor, whereas he was not shown to have

sold a beverage, but had sold the drink already referred to as lager soda. A number of witnesses testified that they had bought from the accused bottles containing a drink known as lager soda, which was intoxicating when drunk in quantities. If these witnesses told the truth, then unquestionably the accused sold such intoxicating liquors as were contemplated by the accusation. The accused introduced one witness, who claimed to have manufactured a drink called lager soda, and he testified that it contained only about one and a half per cent. of alcohol. The accused contended that this was the drink sold to the various witnesses for the State, and it was upon this phase of the case that the court gave the charge now under consideration. The charge was certainly as favorable to the accused as he could have asked. Reduced to its last analysis, it amounted to a statement that if the jury believed that the drink about which the State's witnesses testified as having been sold them was the same drink as that about which the witnesses for the accused testified, and that it was non-intoxicating, they should acquit the accused; but on the other hand, if they believed that the drink about which the witnesses for the State testified was an intoxicant, it would be immaterial whether the drink about which the witnesses for the accused testified was intoxicating or not. Webster's International Dictionary defines a beverage to be a "liquid for drinking; drink;—usually applied to drink artificially prepared and of an agreeable flavor. . . Specifically, a name applied to various kinds of drinks." For a judge in charging the jury to use the word "beverage" is in no sense an expression of opinion that the drink referred to is intoxicating. It is as proper to apply the word beverage to a cup of coffee or a glass of lemonade as to a glass of beer or whisky; and from a careful reading of the entire charge we are satisfied that no intelligent jury could have been misled by the language used by the trial judge.

The foregoing covers all of the motion for a new trial that we consider of sufficient importance to require discussion here. The evidence for the State was ample to authorize the conviction of the accused; there was no error in any of the charges complained of; and this court will not disturb the judgment overruling the motion for a new trial.          *Judgment affirmed. By five Justices.*